## Strafford *v.* Walter, Appellant.

*Landlord and tenant—Lease—Principal and agent—Distress—Replevin.*

In an action of replevin for goods seized in distress proceedings by defendant, it appeared that plaintiff was in possession of premises under a lease signed by a person who in the premises of the lease was described as an agent. Plaintiff paid rent to this person, and if such payment was proper, was not in default at the time of the distress. The defendant filed an affidavit of defense in which he averred that prior to the date of the lease, the leasehold had been assigned by the owner of the premises to a building association as collateral security for a loan; that defendant as secretary of the association had deputed the person who signed the lease as agent to execute the lease and to collect the rent ; that prior to the day on which the first payment of rent was to be made, which was also the date of the lease, defendant notified plaintiff that the agency was revoked, and that the plaintiff should pay the rent to him, the defendant. A copy of the assignment of the leasehold was not attached to the affidavit of defense. *Held*, that the affidavit of defense was insufficient to prevent judgment.

Argued Dec. 17, 1903. Appeal, No. 229, Oct. T., 1903, by defendants, from order of C. P. No. 5, Phila. Co., Sept. T., 1903, No. 342, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Robert C. Strafford v. Henry J. Walter and John Dunn. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Replevin to recover goods seized in distress proceedings.

From the record it appeared that plaintiff was in possession under a lease signed " J. C. Bell." In the premises of the lease the letters " Agt." followed the name J. C. Bell. The lease was dated June 15, and rent was payable monthly in advance, the first payment to be made on June 15, 1903. The affidavit of defense was as follows :

Henry J. Walter, being duly sworn according to law, says that he is one of the defendants in the above stated action ; that he makes defense herein as well for himself as for his codefendant.

The goods and chattels mentioned in plaintiff's statement of demand were levied upon at the instance of deponent by John Dunn, bailiff, while on premises 943 North Fortieth street in the city of Philadelphia, for rent in arrears for a period of three

months, from June 15, 1903, in advance, at the rate of $30.00 per month, and the same were replevied by the plaintiff herein as the tenant of said premises and the owner of said goods and .chattels.   The leasehold of said premises was assigned by the owner and mortgagor, inter alia, to the New Cosmos Building and Loan Association, on November 24, 1902, as collateral security for a mortgage loan made, inter alia, upon the demised premises, which mortgage is due and unpaid.

This deponent is the secretary and agent of the New Cosmos Building and Loan Association, and, as such, deputed John C. Bell, as agent, to collect the rent of the demised premises in question and to account to deponent for the New Cosmos Building and Loan Association therefor ; and in pursuance of said arrangement the said John C. Bell, as agent, executed a lease of the demised premises to the plaintiff, as set forth in and attached to plaintiff's statement of demand.   And prior to June 15, 1903, deponent notified the plaintiff that he had revoked the agency of the said John C. Bell, and that from and thereafter plaintiff should pay his rent to deponent as agent of the New Cosmos Building and Loan Association, the assignee of the leasehold interest, as aforesaid, notwithstanding which notification plaintiff failed and refused thereafter to pay to deponent the rent of said demised premises.

Deponent avers that plaintiff is indebted in the sum of $90.00 for rent in arrear, as aforesaid, and that the goods and chattels claimed in this case are subject to the payment thereof.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Emanuel Furth,* with him *Jacob Singer,* for appellants.

*Alfred J. Wilkinson,* for appellee.

OPINION BY RICE, P. J., March 14, 1904 :

This was an action of replevin for goods seized by the defendants under a landlord's warrant issued by Henry J. Walter, the principal defendant, to John Dunn, the other defendant,

on September 4, 1903. The plaintiff went into possession under a lease dated June 15, 1903, for a term of one month from that date "at a rent of $30.00 per month payable in monthly payments in advance, the first payment to be made on the 15th day of June, A. D. 1903." The lease was signed and sealed by J. C. Bell as lessor, but in the premises there is added to his name the abbreviation "Agt." It is alleged in the statement and not denied in the affidavit of defense, that the plaintiff paid monthly in advance to J. C. Bell, agent, all the rent which had accrued up to and including the month beginning August 15, 1903. Upon this showing, without more, there was no authority in anyone to distrain on September 4, 1903. In answer to this prima facie case of the plaintiff the defendant Walter alleges, (1) that the leasehold of said premises was assigned by the owner to the New Cosmos Building and Loan Association on November 24, 1902, as collateral security for a mortgage loan made by him upon the demised premises, which mortgage is due and unpaid; (2) that he, Walter, as secretary and agent of said association, deputed Bell to collect the rent and to account to him for the association; (3) that in pursuance of said arrangement Bell as agent signed the lease in question; (4) that prior to June 15, 1903, he, Walter, notified the plaintiff that he had revoked the agency of Bell and that thereafter plaintiff should pay his rent to him, Walter, as agent of the New Cosmos Building & Loan Association. Assuming all these allegations to be true and capable of proof we fail to see that any authority is shown for the landlord's warrant in question. It would have been more satisfactory if defendant had set forth in, or attached to, the affidavit, a copy of what he calls the assignment of the leasehold. Whenever the sufficiency of an affidavit of defense rests upon the proper interpretation of papers or documents referred to, and not averred as inaccessible, they should ordinarily be set forth in full: 1 P. & L. Digest of Decisions, 134. There is obvious difficulty in inferring that what is vaguely described as an assignment of the leasehold made by the owner of the premises in November, 1902, related to a leasehold which was not created until seven months afterwards. But assuming for the purposes of the case that it was drawn so as to authorize the assignee to lease the premises and collect the rent, there then

arises the further difficulty that the lease accepted by the plaintiff was from J. C. Bell, agent.   He had covenanted to pay the rent to him, and it is argued by appellee's counsel that he did not thereby become the tenant of an unknown landlord, and that J. C. Bell, agent, or his assignee of the lease, who must at the same time be the owner of the reversion, is the only person to whom plaintiff owed any duty, and the only person who could legally distrain.   In support of these propositions he cites Holt v. Martin, 51 Pa. 499, and Seyfert v. Bean, 83 Pa. 450.   But granting that under the authority of Barrett v. Bemelmans, 163 Pa. 122, it was competent for Bell's undisclosed principal to revoke the agency and thereafter compel the tenant to pay the rent to the principal, it is still true that the lessee was discharged by payment to the lessor named in the lease unless his agency had been revoked and the lessee notified thereof prior to such payment.   Taken as it reads, the defendant's allegation as to the notice of revocation of Bell's agency relates to a notice given before June 15, 1903, the date of the lease.   But as it is admitted by the defendant that Bell had authority to make the lease on that date and to collect the rent accruing thereunder, it is apparent that his agency had been restored, in which case the prior notice would not be effectual to deprive the plaintiff of the right to pay rent to him, or that a mistake was made in drawing the affidavit as to the time when the notice of revocation was given.   Counsel for appellants explains the apparent discrepancy upon the latter theory, and says that in the court below he asked leave to amend the affidavit of defense and aver that notice was given immediately after June 1F, 1903, and before any rent was paid by the plaintiff under the lease, and that the court stated that such amendment would be granted if the court should be of the opinion that it was material.   Unfortunately the amendment was not made, and in the absence of an agreement of counsel that the affidavit was treated in the court below and may be treated here as amended, we must take it as it reads.   But even if the affidavit had been amended, as stated, there still would remain the objection that H. J. Walter is neither the owner of the reversion nor the assignee of the lease, or of the rents accruing thereunder, nor the principal of J. C. Bell, agent, the lessor; therefore no right in Walter to distrain is

shown. In any view that may be taken of the affidavit the court was right in holding. that it was insufficient to prevent judgment.

, Judgment affirmed.